IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
OCT 31 2016
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| Malachi Eric Chang,<br>    Petitioner,<br><br>v.<br><br>Department of Corrections,<br>    Respondent. | )<br>)<br>)<br>)   1:16cv507 (LMB/MSN)<br>)<br>)<br>) |

<u>MEMORANDUM OPINION</u>

Malachi Eric Chang, a Virginia inmate proceeding <u>pro se</u>, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions of pandering and abduction with intent to prostitute, entered after a guilty plea in the Circuit Court for the City of Virginia Beach. On August 29, 2016, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief and exhibits. Petitioner was given the opportunity to file responsive materials, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K. Plaintiff did not file a response. The matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed with prejudice.

**I. Background**

The record reflects the following. Petitioner is detained pursuant to a final judgment of the Circuit Court of the City of Virginia Beach, entered June 3, 2013. Motion to Dismiss at Ex. A. Petitioner pled guilty to pandering, in violation of Virginia Code § 18.2-357, abduction with the intent to prostitute, in violation of Virginia Code § 18.2-48, and obtaining or processing documents for the purpose of establishing a false identity, in violation of Virginia Code § 18.2-

204.1.[1] Id. Petitioner was sentenced to life plus ten (10) years imprisonment, with all but thirty-five (35) years suspended.

Petitioner pursued a direct appeal to the Court of Appeals of Virginia, which was denied on December 23, 2013. Id. at Ex. B. The Supreme Court of Virginia subsequently refused the petition for appeal on November 12, 2014. Id.

During the plea colloquy on December 6, 2012, the following exchange occurred.

Trial Court: Are you the person charged with the two offenses – two remaining offenses?

Petitioner: Yes.

Trial Court: Do you fully understand the charges against you?

Petitioner: Yes, I do.

Trial Court: And you discussed the charges and the elements of the charges with your attorney?

Petitioner: Yes, I did.

Trial Court: And you understand what the Commonwealth would have to prove for you to be found guilty?

Petitioner: Yes, I do.

Trial Court: And have you discussed – I assume you have because we've been kind of waiting out here while you all have been talking about things even today. You've discussed with [trial counsel] whether you should plead guilty or not guilty?

Petitioner: Yes.

Trial Court: And after all of those discussions you've decided for yourself to plead guilty?

Petitioner: Yes, I did.

---

[1] Petitioner does not challenge his conviction of obtaining or processing documents for the purpose of establishing a false identity in the instant petition.

Trial Court: And you are entering your guilty pleas because, in fact, you are guilty of the crimes charged?

Petitioner: Yes.

Trial Court: You do understand that by pleading guilty, first of all – well, you already know you've given up your right to a jury trial, but you also understand you're giving up your right to the bench trial too?

Petitioner: Uh-huh.

Trial Court: And since you are pleading guilty and telling me you did it, you're giving up your right not to incriminate yourself?

Petitioner: Uh-huh.

Trial Court: And you're giving up your right to have [trial counsel] question any – the witnesses any further?

Petitioner: Yes.

Trial Court: Are you giving up your right to defend yourself on these charges?

Petitioner: Yes.

Trial Court: Are you currently on parole or probation?

Petitioner: Yes.

Trial Court: And is that here in Virginia?

Petitioner: No. It's in New York.

Trial Court: New York. All right. Has anyone connected with your arrest and prosecution, such as the police or the Commonwealth's Attorney or any person, in any manner threatened or forced you to plead guilty?

Petitioner: No.

Trial Court: Have they made any promises to you concerning your guilty plea?

Petitioner: No.

Trial Court: And you understand – we were all looking at the code section while you were in the back, but the abduction with the prostitution could carry up to life –

Petitioner: Uh-huh.

Trial Court: - and then ten years on the pandering charge.

Petitioner: Uh-huh.

Trial Court: Okay. Are you satisfied with the services of your attorney?

Petitioner: Yeah.

Trial Court: This is what we call a straight up guilty plea, no plea agreement; so you do understand that there will be a presentence report prepared? Since I've heard the evidence it will come back to me. I will listen to any – and I believe since the victim is here from out of town she's going to testify and put on her testimony that normally would have come on the sentencing day today. But the – on that day I would hear any other evidence the Commonwealth has for sentencing and any evidence that defense has. I will consider the presentence report, but you do understand it will be up to me to determine your sentence?

Petitioner: Yes, I do.

Trial Court: All right. Did you go over all of these questions with your attorney?

Petitioner: Yes.

Trial Court: You understand everything we've talked about?

Petitioner: Yes, I did.

Trial Court: Answered everything truthfully?

Petitioner: Yes.

Trial Court: Do you have any questions for me?

Petitioner: No.

December 6, 2012 Transcript at 160-64. Petitioner's sentencing hearing was held on May 29, 2013, at which time there was a discussion that the petitioner was convicted of a "non-guidelines offense." May 29, 2013 Transcript at 3. A sentencing order was entered on June 3, 2013. Commonwealth v. Chang, Case No. CR12-1522. That same day, petitioner moved to withdraw his guilty plea based on a mistake of material facts. Id. At the hearing on petitioner's motion held on June 12, 2013, the following exchange occurred:

> Trial Counsel: After the sentencing event in this case had happened, you informed me that you would like to address the court and request on your behalf to allow you to withdraw your guilty plea that you entered previously; is this correct?
>
> Petitioner: Yes, it is.
>
> Trial Counsel: And you asked me to review the case law and to see what the grounds for this is, correct?
>
> Petitioner: Yes.
>
> \*\*\*\*
>
> Trial Counsel: All right. Can you please state your reasons why you think like, you know, that you entered your – you submitted your guilty plea in good faith and under honest mistake and material facts to the court.
>
> Petitioner: Yes. What happened was my lawyer came in the back and he told me the plea that the Commonwealth had brought to him, and it wasn't – he told me that I would get six to seven years, and he told me that the pandering was the primary offense and abduction was the secondary offense, but it wasn't; and when I came out – After the presentence report came out, it said that the abduction had no guidelines.
>
> And then he also still told me that the pandering would be the primary offense and the abduction would be the secondary offense, and that the abduction would get time over my head to be suspended, and the only active time would be the pandering. That's the only reason why I took the guilty plea. That's basically it.

June 12, 2013 Transcript at 9. On cross examination, petitioner testified that he knew he was convicted of a "non-guidelines offense" before being sentenced, he chose not to ask for a

continuance on the day of sentencing because "there was no reason to look over [the presentence report] any more [sic]," and he was never promised anything by the Commonwealth with regards to sentencing. Id. at 14-16. Petitioner's motion to withdraw his guilty plea was denied. Id. at 9.

After pursuing his direct appeal, petitioner timely filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on March 23, 2015, which was amended on May 4, 2015. Motion to Dismiss at Ex. D. The Supreme Court of Virginia dismissed the habeas petition by order dated September 24, 2015. Id.

On April 29, 2016, petitioner filed the instant federal petition, wherein he challenges his conviction on the following three grounds.[2]

> 1. Ineffective assistance, counsel misinformed the petitioner about the sentence he would receive if he plead [sic] guilty, in violation of [petitioner's Sixth] Amendment Right [sic], and Virginia Constitution, Article I, Section 8 and as defined by the U.S. Supreme Court in Strickland v. Washington.
>
> 2. Petitioner ... was deprived of his [Fourteenth] Amendment Due Process Right when the copy of [the] presentence report was not furnished to him and defense counsel until the day of sentencing and [petitioner] was denied effective counsel when his attorney failed to request that the sentencing court take appropriate action upon discovering during sentencing that the report was not furnished to him at least five days prior to its presentation in open court.
>
> 3. Petitioner ... was denied effective assistance of counsel when his attorney failed to motion [sic] to withdraw a guilty plea before sentencing as requested by petitioner.

See Dkt. No. 1.

## II. Procedural Bar

Where a state court has made an express determination of procedural default, the state court's finding is entitled to a presumption of correctness, provided two foundational

---

[2] Construing the petition liberally, petitioner asserted the same claims he asserted in his state habeas petition as it is attached to and referenced in the instant petition. Dkt. No. 1.

6

requirements are met. See 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

The state habeas court held that the first portion of petitioner's Claim Two, that petitioner "was denied due process because the Commonwealth failed to provide him with a copy of his presentencing investigation report five days before his sentencing hearing" was "barred because this non-jurisdictional issue could have been raised at trial and on direct appeal and, thus, it is not cognizable in a petition for a writ of habeas corpus. Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), cert. denied, 419 U.S. 1108 (1975)." Record No. 150451. The Fourth Circuit has consistently held that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Therefore, the Supreme Court of Virginia's express finding that Slayton barred review of the due process portion of petitioner's Claim Two also precludes federal review of this portion of the claim. Clanton, 845 F.2d at 1241.

Federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of

counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996). Because petitioner has made no argument establishing the cause and prejudice requirement or demonstrating his actual innocence, the due process argument raised in Claim Two is defaulted and will be dismissed.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas corpus petition, a federal court may not grant the petition on that particular claim unless the state court's adjudication was contrary to, or an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts presented at the trial. 28 U.S.C. § 2254(d)(1)-(2). This test erects a "formidable barrier to federal habeas relief" for claims adjudicated on the merits. Burt v. Titlow, 134 S. Ct. 10, 16 (2013). Under this standard, for a state prisoner to obtain habeas relief, he "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based upon an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination violates the "contrary to"

standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. When reviewing the state court's findings, the federal court is limited to the record before the state court at the time of the decision. See Cullen v. Pinholster, 563 U.S. 170 (2011).

Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. A federal court should review the state court determination with deference; a federal court cannot grant the writ simply because it concludes that the state court incorrectly applied the legal standard. Woodford v. Visciotti, 537 U.S. 19, 24 (2002). Rather, "the federal habeas scheme ... authorizes federal court intervention only when a state-court decision is objectively unreasonable." Id. at 27. A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

### IV. Analysis

To prevail on an ineffective assistance of counsel claim, petitioner must meet the two-pronged test established in Strickland v. Washington, 455 U.S. 668 (1984). Under this test, petitioner must prove both that his attorney's performance was so deficient "that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and that this performance

9

prejudiced the outcome of petitioner's trial. Strickland, 466 U.S. at 687. The two prongs, deficient performance and prejudice, constitute "separate and distinct elements." Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). Therefore, a court can appropriately dismiss an ineffective assistance of counsel claim on either prong. Strickland, 466 U.S. at 697; see also Bell v. Cone, 535 U.S. 685, 695 (2002) (internal citations omitted) ("Without proof of both deficient performance and prejudice to the defendant, we concluded it could not be said that the sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand"). A court reviewing a claim of ineffective assistance of counsel must presume that counsel acted competently, and should determine the merits of the claim based on the information available to the attorney at the time of the trial. See, e.g., Bell, 535 U.S. at 695; Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000). "To show prejudice in the guilty-plea context, the petitioner must demonstrate a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Christian v. Ballard, 792 F.3d 427, 443 (4th Cir.), cert. denied sub nom. Christian v. Plumley, 136 S. Ct. 342 (2015) (internal quotation marks and citations omitted).

### A. Claim One

Petitioner argues that his counsel was ineffective because counsel misinformed him of the sentence he would receive if he pled guilty. Petitioner asserts that counsel informed him that there were no sentencing guidelines for the charge of abduction with intent to prostitute and, therefore, petitioner would only be incarcerated for up to ten years for the charge of pandering. Petitioner claims that he "entered into [the] plea agreement based on those facts." Petitioner

states that, when he was sentenced, he informed counsel that he wished to withdraw his guilty plea, at which point counsel moved for withdrawal of the guilty plea and "stated that he had misadvised [petitioner] and would testify to such."

The state habeas court dismissed this claim

> because petitioner failed to offer a valid reason why he should not be bound by his representations at trial that his counsel's performance was adequate, that he had not been made any promises with regard to his pleas, that he understood the maximum sentence he could receive was life plus ten years, that there was no agreement as to his sentence, and that his sentence would be decided by the judge.

Record No. 150451.

> Because a plea of guilty is a solemn, judicial admission of the truth of the charge, a prisoner's right to contest it is usually, but not invariably [sic], foreclosed. His statements at arraignment that facially demonstrate the validity of his plea are conclusive unless he presents reasons why this should not be so.

Via v. Superintendent, Powhatan Corr. Ctr., 643 F.2d 167, 171 (4th Cir. 1981) (citations omitted). "Such '[s]olemn declarations in open court carry a strong presumption of verity' and 'subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.'" Christian, 792 F.3d at 444 (quoting Blackledge v. Allison, 431 U.S. 63, 71, (1977)).

Petitioner states that he was advised by counsel that he would only be incarcerated for up to ten years; however, during the plea colloquy, petitioner testified that he was not made any promises concerning his guilty plea, the abduction with the prostitution charge could carry up to a life sentence, the pandering charge could carry a sentence of up to ten years, he was satisfied with the services of his counsel, and he understand that it was up to the trial judge to determine the sentence. At the end of the colloquy, petitioner told the trial judge that he had no questions.

This state habeas court's finding is neither contrary to, nor an unreasonable application

11

of, existing federal law and Supreme Court precedent. It also does not rest upon an unreasonable finding of fact. Accordingly, the state habeas court's ruling is entitled to deference, and Claim One will be dismissed.

### B. Claim Two

Petitioner contends, in the remainder of Claim Two, that trial counsel was ineffective for failing to "request that the sentencing court take appropriate action upon discovering during sentencing that the report was not furnished to him at least five days prior to its presentation in open court." Petitioner states that counsel should have requested a continuance upon receiving the sentencing report on the day of sentencing in order to prepare for the sentencing hearing, such as discovering exculpatory evidence and mitigating factors that would have impacted petitioner's sentence.

The state habeas court dismissed this claim, finding that petitioner failed to satisfy both prongs of the Strickland test. The court held that

> the record ... demonstrates that counsel consulted with petitioner after receiving the report and asked petitioner if he wanted more time to review it. Petitioner indicated he did not. Further, petitioner fail[ed] to articulate any mitigating evidence he could have obtained if he had more time to review the report, or to identify any errors in the report.

Record No. 150451. Indeed, petitioner's claim that a continuance would have made a difference in his sentencing is belied by his testimony in support of his motion to withdraw his guilty plea. When asked by the prosecutor if petitioner was able to ask for a continuance on the day of the sentencing hearing, petitioner stated that counsel asked him "if [he] wanted to wait a little while longer to look over [the presentence report]" but that he chose not to because "[t]here was no reason to look over it any more [sic]." June 12, 2013 Transcript at 14-15. Therefore, petitioner's

own testimony establishes that there is not a reasonable probability that, but for counsel's failure to ask for a continuance on the day of the sentencing hearing, the result of the proceeding would have been different.

The state habeas court's finding is neither contrary to, nor an unreasonable application of, existing federal law and Supreme Court precedent. It also does not rest upon an unreasonable finding of fact. Accordingly, the state habeas court's ruling is entitled to deference, and the remainder of Claim Two will be dismissed.

### C. Claim Three

Petitioner asserts that his counsel was ineffective in failing to move for a withdrawal of the guilty plea before sentencing, as requested by petitioner. Petitioner claims that he "advised his attorney that he wished to withdraw [his] guilty plea way before" the day of the sentencing hearing, but that counsel did not do so. Petitioner states that, had counsel moved to withdraw the guilty plea "when requested by petitioner, months before the sentence even came about," the motion would have been granted.

The state habeas court found that petitioner failed to satisfy either prong of the Strickland test and dismissed this claim. Specifically, the court noted that the record established that "petitioner did not tell his attorney that he wished to withdraw his guilty pleas until after the sentencing hearing." Record No. 150451. During the hearing on petitioner's motion to withdraw his guilty pleas, petitioner testified that he asked his counsel to make the motion "after the sentencing event." Again, petitioner's own testimony directly contradicts his argument in this claim. The state habeas court's determinations that petitioner failed to show trial counsel was deficient or that he was prejudiced by the timing of trial counsel's actions, are neither

contrary to, nor an unreasonable application of, existing federal law. The state habeas court's determination also does not rest upon an unreasonable finding of fact. Accordingly, the state habeas court's ruling is entitled to deference and Claim Three will be dismissed.

## V. Conclusion

Petitioner's due process claim, raised as part of Claim Two, is procedurally barred. As to Claim One, the remainder of Claim Two, and Claim Three, nothing in the state court record indicates that the state court decisions were either contrary to, or an unreasonable application of, clearly established federal law; nor did those decisions involve an unreasonable determination of the facts. Accordingly, this petition will be dismissed with prejudice by an Order to be issued with this Memorandum Opinion.

Entered this 31st day of October 2016.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge